

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

YVETTE TALBERT,

    PLAINTIFF

vs

THE CITY OF NEW YORK, a municipal entity, NEW YORK CITY POLICE OFFICER/DETECTIVE MARVIN CHALMERS, Shield # 2301, individually and in his official capacity, "JOHN DOES", individually and in their official capacities as New York City Police Officers,

    DEFENDANTS

04 Civ 4372 (LAK)(JF)
PLAINTIFF'S FIRST AMENDED
COMPLAINT/JURY TRIAL

---

## I.  INTRODUCTION

1.   This is an action against the Defendant parties, individually and collectively, for the violation of the Plaintiff's federally guaranteed constitutional and civil rights and her rights as otherwise guaranteed under the laws and Constitution of the State of New York.

2.   This case arises out of the arrest of the Plaintiff, Yvette Talbert, in the evening hours, in the vicinity of 124th Street and Park/Lexington Avenues, New York City.

3.   The Plaintiff seeks monetary damages for her wrongful false arrest and for her wrongful detention and incarceration and,

otherwise, for the violation of the Plaintiff's federally guaranteed constitutional and civil rights and for the violation of her rights as guaranteed under the laws and Constitution of the State of New York; and the Plaintiff seeks whatever other relief is appropriate and necessary in order to serve the interests of justice and assure that her remedy is full and complete.

## II. JURISDICTION

4. Jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343 [3] and [4] in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and the First, Fourth, and Fourteenth Amendments to the United States Constitution.

5. Jurisdiction is also invoked pursuant to and under 28 U.S.C. Section 1367, entitled Supplemental Pendent Party Jurisdiction. The Plaintiff requests that the Court exercise its powers to invoke pendent claim and pendent party jurisdiction.

6. The State law claims have a common nucleus of operative fact with the federally based claims and they arise out of the same transaction and occurrence giving rise to the Plaintiff's federally based claims and causes of action.

7. The Plaintiff also invokes the jurisdiction of this Court in conjunction with the Declaratory Judgment Act, 28 U.S.C. Sections 2201, et seq., this being an action in which the Plaintiff, while seeking monetary damages, also seeks declaratory and injunctive relief if such is deemed necessary and desirable and in the interest of justice in order to provide the Plaintiff with

a full and complete remedy for the violation of her rights.

8. This is an action in which the Plaintiff seeks relief for the violation of her rights as guaranteed under the laws and Constitution of the United States and the laws and Constitution of the State of New York.

### III. PARTIES

9. The Plaintiff is an African American citizen.

10. The Defendant City of New York is a municipal entity which exists and was created pursuant to and under the laws and Constitution of the State of New York.

11. Defendants "John Does" and Marvin Chalmers, are New York City Police Officers. They are sued in their individual and official capacities. Notwithstanding the wrongful and illegal nature of their acts and conduct as hereinafter described, they were taken in and during the course of their duties and functions as employees and agents of the City of New York and incidental to the otherwise lawful performance of the same.

### IV. ALLEGATIONS

12. The Plaintiff is Yvette Talbert.

13. The incident which gives rise to this litigation arose on March 18, 2004 in the vicinity of 124th Street and Park/Lexington Avenues, New York City in the afternoon, perhaps about 2:30 P.M. or thereabouts.

14. The Plaintiff is an African American citizen and resident of the City of New York, County of New York, State of New York.

15. The Plaintiff is forty three [43] years of age.

16. The Plaintiff's birth date is December 17, 1960.

17. The Plaintiff went through the eleventh grade before she dropped out of school.

18. The Plaintiff's husband is deceased. He passed away from a heart attack which he suffered on or about March 17, 2003.

19. The Plaintiff receives Social Security Disability Benefits and has received such for all of her adult life and since she has been about fourteen years of age.

20. The Plaintiff is diagnosed with a schizophrenic psychiatric medical condition.

21. The Plaintiff's mother passed away when the Plaintiff was a child.

22. The Plaintiff was then placed in a group home, at or about twelve years of age, as one of a large group of the children left by her deceased mother.

23. The Plaintiff resides at 324 LaFayette Street, New York, New York 10012.

24. On the date in question and the location in question and at the time in question, the Plaintiff was arrested by a New York City Police Officer. At the time, the Plaintiff was living at 100 East 124th Street, New York, New York with a friend. The Plaintiff had gone to visit with another friend, Regina, at the location where she was arrested.

25. The Plaintiff was simply standing at the location at the time she was arrested as she was on her way from one location to another location and had stopped for a moment when, without any

basis for such, the Plaintiff and her friend, Regina, were approached by a New York City Police Officers and arrested.

26. The Plaintiff was then transported to the 25th Precinct where she was processed and then transported to Manhattan Central Booking.

27. Thereafter, the Plaintiff was transported to Bellevue Hospital for treatment for high blood pressure which she was then experiencing.

28. The Plaintiff was taken to the Bellevue Hospital because of the symptoms from which she was then suffering.

29. The Plaintiff was in police custody and under arrest when she was transported to the Bellevue Hospital.

30. After treatment at the Bellevue Hospital, the Plaintiff was released in the custody of the New York City Police Department.

31. The Plaintiff was returned to a New York City Police Department Precinct where she was then released from custody and told she could leave. Such was approximately noon time on March 19, 2004.

32. There was no probable cause for the arrest and detention of the Plaintiff and no reasonable police officer could have objectively believed that there was a basis to arrest the Plaintiff and to take her into custody.

33. The Plaintiff was subjected to false arrest and false imprisonment.

34. It is believed that the New York City Police Officer who arrested the Plaintiff is Defendant Detective Marvin Chalmers or

some such person as set forth in the property voucher form attached hereto.

35. The actions and conduct of the Defendant City of New York were taken by the agents of the City acting during and in the course of their duties and functions as employees of the Defendant City. Notwithstanding the wrongful and unlawful conduct and actions of the Defendant City's agents and employees, such conduct and actions were taken incidental to the otherwise lawful performance of their duties and functions.

36. The actions and conduct of the Defendant City's agents and employees were propelled, in whole or in part, by the policies and practices of the Defendant City of New York.

37. In that regard, the Defendant City of New York have a gun and drug crime enforcement initiative and quality of life offense enforcement initiative policies and practices which causes its law enforcement agents and employees to push the envelope over the constitutional edge and to make arrests, for the purposes of setting examples and generating crime arrest statistics, in order to promote to the public that the City's gun and drug crime enforcement initiative and quality of life offense enforcement initiative.

38. The City's drug and weapons crime offense enforcement initiative and its quality of life offense initiative policies and practices incorporate the "ends justify the means" philosophy and which result in innocent citizens, who are doing nothing wrong, illegal, or criminal, to be subjected to stops, detention, arrest,

and imprisonment when there is no reasonable basis or justifiable or other legal basis for such. The policies and practices, which propelled the Officer's conduct herein, impact disproportionately on persons of color and on individuals residing in neighborhoods which are populated, in overwhelming numbers, by persons of color.

39. The Plaintiff suffered a loss of her liberty, humiliation, embarrassment, fear, mental anguish, psychological trauma, and emotional distress.

40. The actions and conduct and policies and practices violated the Plaintiff's rights as guaranteed under the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution.

41. The actions and conduct and the policies and practices violated the Plaintiff's rights as guaranteed under the laws and Constitution of the State of New York including false arrest and false imprisonment.

42. Alternatively, the actions and conduct and the policies and practices were negligent and the proximate cause of the damages suffered by the Plaintiff.

43. The Plaintiff seeks appropriate monetary damages [compensatory and punitive damages]. The Plaintiff has not yet calculated the monetary value of her damages although she believes such to be a significant amount.

44. The Plaintiff has no other adequate remedy at law but for the institution of this litigation.

## FIRST CAUSE OF ACTION

45. The Plaintiff reiterates Paragraph #'s 1 through 44 and incorporates such by reference herein.

46. The Plaintiff was falsely arrested and falsely imprisoned in violation of the Plaintiff's rights under the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and Fourth and Fourteenth Amendments to the United States Constitution.

47. The Plaintiff suffered injuries and damages.

## SECOND CAUSE OF ACTION

48. The Plaintiff reiterates Paragraph #'s 1 through 47 and incorporates such by reference herein.

49. The Plaintiff was, <u>inter alia</u>, falsely arrested and falsely imprisoned in violation of the laws and Constitution of the State of New York.

50. The Plaintiff suffered injuries and damages.

## THIRD CAUSE OF ACTION

51. The Plaintiff reiterates Paragraph #'s 1 through 50 and incorporates such by reference herein.

52. The Defendant City's policies and practices propelled the actions and conduct taken herein.

53. The Defendant City's policies and practices violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

54. The Plaintiff suffered injuries and damages.

## FOURTH CAUSE OF ACTION

55. The Plaintiff reiterates Paragraph #'s 1 through 54 and incorporates such by reference herein.

56. The actions, conduct, policies and practices were negligent and the proximate cause of the Plaintiff's injuries and damages.

57. The Plaintiff suffered injuries and damages.

## FIFTH CAUSE OF ACTION

58. The Plaintiff reiterates Paragraph #'s 1 through 57 and incorporates by reference herein.

59. Independent of the Plaintiff's federal <u>Monell</u> claim against the Defendant City of New York and pursuant to pendent claim and pendent party jurisdiction, the Defendant City is responsible for the wrongful conduct and actions of its agents and employees taken during the course of their duties and functions and incidental to the otherwise lawful performance of those duties and functions [pursuant to and under the doctrine of <u>respondeat superior</u>].

60. The Plaintiff suffered injuries and damages.

WHEREFORE and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction herein and thereafter:

    [a]    Assume pendent party and pendent claim jurisdiction.

    [b]    Enter appropriate declaratory and injunctive relief.

    [c]    Award appropriate compensatory and punitive damages in an amount to be defined and determined.

    [d]    Award reasonable costs and attorney's fees.

    [e]    Award such other and further relief as the Court deems appropriate and just.

    [f]    Convene and empanel a jury.

DATED: New York, New York
       July 10, 2004

Respectfully submitted,

*[signature: James Meyerson]*

JAMES I. MEYERSON [JM 4304]
396 Broadway-Suite # 601
New York, New York 10013
[212] 226-3310
ATTORNEYS FOR PLAINTIFF
BY: _____

TO:
LIORA JACOBI, ESQ.
Assistant Corporation Counsel
City of New York
Department of Law
Special Federal Litigation Division
100 Church Street
New York, New York 10007
[212] 788-0711
ATTORNEY FOR THE DEFENDANT CITY OF NEW YORK
BY: _____

CERTIFICATE OF SERVICE

    James I. Meyerson, attorney for the Plaintiff Yvette Talbert, certifies that on the 10th day of July, 2004, I did serve a copy of the foregoing First Amended Complaint [Jury Trial], which is filed and served as a matter of right since no responsive document has been served and filed in this matter, upon counsel for the Defendant City of New York, by mailing a copy of the same to her at her office and post office address as follows: Liora Jacobi, Esq., Assistant Corporation Counsel, City of New York, Department of Law, Special Federal Litigation Division, 100 Church Street, New York, New York 10007.

DATED: New York, New York
       July 10, 2004

                                    Respectfully submitted,

                                    */s/ James I. Meyerson*
                                    JAMES I. MEYERSON [JM 4304]
                                    396 Broadway-Suite # 601
                                    New York, New York 10013
                                    [212] 226-3310
                                    [212] 219-9412/FAX
                                    ATTORNEY FOR PLAINTIFF
                                    BY:_____